BONNELL v. WARD.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

No. 27.

1. PATENTS ⊕⧉328—VALIDITY AND INFRINGEMENT—OUTLET BOX FOR ELECTRIC CONDUITS.

The Bonnell reissue patent, No. 13,432 (original No. 921,584), for an outlet box for electric conduits, claims 10 and 16, are void as setting up new matter not covered by the original patent. Claim 6, assuming its validity, must be narrowly construed, and, as so construed, *held* not infringed.

2. WORDS AND PHRASES—"CLAMP"—"WEDGE"—"DRAW"—"DRAWING."

The words "clamp," "wedge," and "draw" convey a progressive conception of the application of mechanical force. "Clamp" represents one extreme; "draw" the other. To "clamp" is merely to fasten or secure. "Drawing" signifies active propulsion in addition. "Wedge" is an intermediate term, and looks both ways; but, used in any accurate mechanical sense, it looks more toward drawing than it does toward merely clamping.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Clamp; Draw; Drawing; Wedge.]

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in equity by Hattie W. Bonnell against F. H. Ward. From the decree, both parties appeal. Affirmed on complainant's appeal, and reversed on defendant's appeal.

The following is the opinion of Veeder, District Judge, in the court below:

Of the three claims involved, 6, 10, and 16, I put aside claims 10 and 16. The invention originally described and illustrated, and shown by the appliance in evidence, does not disclose, in my opinion, any means to draw the conduits in the bushings, which constitutes an essential element of those two claims. In other words, claims 10 and 16 in the reissued patent, to that extent, set up new matter. To my mind the three words "clamp," "wedge," and "draw" convey a progressive conception of the application of mechanical force. "Clamp" represents one extreme; "draw" the other. To clamp is merely to fasten or secure. Drawing signifies active propulsion in addition. "Wedge" is an intermediate term, and looks both ways; but, used in any accurate mechanical sense, it looks more toward drawing than it does toward merely clamping. I am of opinion that claims 10 and 16 set up new matter within the prohibition of the statute, and are therefore void.

Claim 6, however, is not subject to that objection. It accurately describes and sets forth the essential elements of the invention claimed. The invention is certainly not anticipated by anything shown in the proofs, and in the light of the prior art it is clear that it is a valuable and useful invention.

While the defendant's box is not a Chinese copy of the complainant's, it does embody all the essential elements of this claim.

My conclusion is that claim 6 of the patent in suit is valid, not anticipated, and infringed by the defendant.

Kay, Totten & Powell, of Pittsburgh, Pa. (W. P. Long, of New York City, of counsel), for complainant.

W. P. Preble, of New York City, for defendant.

Before COXE and WARD, Circuit Judges, and MAYER, District Judge.

PER CURIAM. We concur in the opinion of the District Judge, except as to claim 6 of the patent to Bonnell, No. 921,584, for an outlet box for electric conduits. Assuming the patent to be valid, we think the claim should be narrowly construed, and that, so construed, the defendant's structure does not infringe.

4. PATENTS ⊜112(3)—SUIT FOR INFRINGEMENT—ESTOPPEL.
    A patentee, who subsequently applied for another patent, which in interference proceedings was awarded to another, is estopped to deny that there is a patentable difference between the device of such patent and that of his prior patent.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 164; Dec. Dig. ⊜112(3).]

5. PATENTS ⊜237—EVIDENCE OF INFRINGEMENT—SIMILARITY OF RESULTS ATTAINED.
    Similarity of results accomplished by two devices is not per se even evidence of equivalence or infringement.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 374, 375; Dec. Dig. ⊜237.]

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes